McCann v. Bailey.

---

John J. McCann *et al.*, Appellants, v. Chas. H. Bailey, Respondent.

St. Louis Court of Appeals, January 15, 1895.

Real Estate Agents: AGENCY IN PERFECTION OF SALE. The facts in this cause are considered, and held to support the finding of the trial court that a sale of real estate, on which commissions were claimed by the plaintiffs, had not been effected through their agency or efforts.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

*Geo. W. Taussig* for appellants.

*Lionberger & Shepley* for respondent.

BIGGS, J.—The plaintiffs and the defendant are real estate agents in the city of St. Louis. The defendant had a house for sale on commission. The plaintiffs claimed that the house was sold through their efforts, and that prior to the sale the defendant had agreed with them that, if they would find a purchaser for it, he would divide commissions with them. This action is to recover one half of the commissions of the sale.

The defendant admitted the sale, but denied that it was effected through the efforts of the plaintiffs. He averred that the firm of Wright & Adams had procured the purchaser, and that he had divided his commissions with them.

The case was tried before the court sitting as a jury, and at the request of the plaintiffs the court made a special finding of facts. R. S., sec. 2135. The judgment was for the defendant, and the plaintiffs have appealed.

The facts as found by the court are substantially as follows: The property belonged to one Wickham, and the defendant had it for sale during the year, 1893. In the spring or fore part of the summer of that year the defendant agreed with Wright & Adams, a firm of real estate agents, that, if they would find a purchaser for the house, he would give them one half of his commissions. The price then asked for the property was $35,000. Soon afterwards Wright & Adams called the attention of Mr. Nugent to the property, who expressed a willingness to buy it but considered the price asked to be exorbitant. He stated that, whenever the owner concluded to reduce the price to what he considered the reasonable value of the property, he would buy it. Wright & Adams communicated these facts to the defendant, but they declined to disclose to him the name of their prospective purchaser. The negotiations

were kept up during the summer and fall until between the fifteenth and twentieth of November, when the defendant informed Wright & Adams that the property could be bought for less than $30,000. Thereupon Wright & Adams notified Nugent, and he requested them to get a card of admission so that he might examine the house. This Wright & Adams neglected to do for several days. On or about November 20, the defendant made an agreement with the plaintiffs that, if they would procure a purchaser for the property, he would divide commissions with them. Thereupon the plaintiffs called the attention of Nugent to the house, and he also requested them to get for him a card of admission. They immediately applied to the defendant for it, at the same time giving the name of Mr. Nugent as their prospective purchaser. The defendant declined to give the card on that day, but requested the plaintiffs to call the next day. Wright & Adams applied for a card of admission the following day, and on request they also gave the name of Nugent as the person with whom they were negotiating. The defendant then informed them of his negotiations with plaintiffs, and that they also professed to represent Nugent. Thereupon Wright & Adams procured from Nugent a written statement, that they, and not the plaintiffs, represented him in the purchase. The defendant gave to Wright & Adams a card of admission. On the same day defendant informed the plaintiffs of what had transpired between himself, Wright & Adams and Nugent, and he declined to recognize them further in the negotiations. The house was subsequently sold to Nugent for $25,000.

It is conceded by the plaintiffs that there was substantial evidence to support the finding of facts as made by the court. They, in fact, present the finding as the true facts in the case. The conclusion of the

court was that Nugent was not induced to enter into negotiations for the purchase of the house by anything said or done by the plaintiffs. Therefore, judgment was entered for the defendant, and the plaintiffs have appealed.

We can not understand how the judgment of the circuit court could have been different. Nugent, through the efforts of Wright & Adams, commenced negotiations for the house in the spring or early summer. The first connection that plaintiffs had with the sale was November 20, following. The only possible foundation for their right of recovery under their agreement with the defendant is that they were the first to disclose to the defendant the name of Nugent as a purchaser. This is not sufficient, and under the circumstances is a fact of no moment. All the facts and circumstances show that Wright & Adams effected the purchase. The defendant seems to have acted fairly and in good faith with the plaintiffs throughout the entire transaction. Wright & Adams, for obvious reasons, had declined to disclose Nugent's name to the defendant as the person for whom they had been negotiating, and when he learned that the plaintiffs and Wright & Adams were both professing to act for Nugent, he immediately notified the plaintiffs of the fact, and also that Nugent had notified him that Wright & Adams alone had authority to represent him, and that consequently further negotiations with Nugent would be conducted through Wright & Adams.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.